UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

|                               |   |                               |
|-------------------------------|---|-------------------------------|
| UNITED STATES OF AMERICA,     | ) |                               |
|                               | ) |                               |
| v.                            | ) |                               |
|                               | ) | Criminal No. 19-M-5051-JGD    |
| LUIS BERROA,                  | ) |                               |
|                               | ) |                               |
| Defendant.                    | ) |                               |

_____

ORDER ON MOTION FOR REVIEW AND REVOCATION BY THE DISTRICT COURT OF
THE MAGISTRATE JUDGE'S DETENTION ORDER (DOC. NO. 13)

April 17, 2019

SOROKIN, J.

Defendant Luis Berroa was arrested on March 13, 2019, based on probable cause. Doc.

No. 1-1 at 2–3. A criminal complaint against Mr. Berroa was sworn on the same day. Id. at 1. A

hearing on detention and probable cause was held before Magistrate Judge Dein on March 19,

2019. Doc. No. 11.

At the hearing, over the defendant's objection, Judge Dein found that the charge,

possession with intent to distribute fentanyl in violation of 21 U.S.C. § 841(a)(1), was supported

by probable cause. Doc. No. 10 at 3. In a written order after the hearing, she further found that

the rebuttable presumption that no condition or combination of conditions would reasonably

assure the appearance of the defendant and the safety of the community applied because the

charge carries a maximum term of imprisonment of 10 years or more. See id. at 2; 18 U.S.C.

§ 3142(e)(3). Although she found the record evidence sufficient to rebut that presumption, Judge

Dein also found that the government had proven by clear and convincing evidence that no

condition or combination of conditions could reasonably assure the safety of any other person

and the community and by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Mr. Berroa's appearance at trial. Doc. No. 10 at 2. Accordingly, Judge Dein ordered the defendant detained pending trial. Id. at 2. Mr. Berroa now appeals that decision, Doc. No. 13, which this Court reviews de novo, United States v. Tortora, 922 F.2d 880, 883 n.4 (1st Cir. 1990).

The Court has carefully reviewed the facts set forth in Judge Dein's Order, the transcript of the detention hearing, the pretrial services report, the two supplemental memoranda prepared by pretrial services, the exhibit introduced by Mr. Berroa at the detention hearing, and the materials submitted with Mr. Berroa's motion. That the drugs and firearms were found in the bedroom of Mr. Berroa, is not challenged for this appeal, nor has defendant requested another evidentiary hearing. See Doc. No. 13. Mr. Berroa does not propose conditions of release in addition to or different than those discussed before Judge Dein. Id. Although the Court agrees that Mr. Berroa set forth evidence sufficient to rebut the presumption that no condition or combination of conditions would reasonably assure the appearance of the defendant and the safety of the community, that conclusion does not end the presumption's applicability. "[A]fter a defendant has introduced some evidence to rebut the flight presumption, the presumption does not disappear, but rather retains evidentiary weight . . . to be considered along with all the other relevant factors." United States v. Palmer-Contreras, 835 F.2d 15, 18 (1st Cir. 1987). The Court therefore considers Mr. Berroa's motion with the presumption in mind.

The Court first considers whether conditions of release exist that could reasonably assure Mr. Berroa's appearance if released. See 18 U.S.C. § 3142(e)(1). The Court draws the inference that the presence of drugs and guns in Mr. Berroa's apartment is reasonably strong evidence that the items were his. Because the complaint against Mr. Berroa alleges that he possessed 50 grams

2

of fentanyl, see Doc. No. 1-1 at 2, he faces a mandatory minimum sentence of five years of imprisonment, see 21 U.S.C. § 841(b)(1)(B)(vi). Because the complaint also alleges that he possessed two firearms, see Doc. No. 1-1 at 3, and the government expressed an intention at the hearing before Judge Dein to add charges under 18 U.S.C. § 924(c), Mr. Berroa faces an additional mandatory minimum sentence of five years for each firearm, see 18 U.S.C. § 924(c)(1)(A)(i).[1] Although Mr. Berroa has significant ties in Massachusetts and to the United States, he also has ties to the Dominican Republic, to which he travels regularly. In combination with the length of the sentence Mr. Berroa may face in this matter, including a potential mandatory minimum of fifteen years, these ties abroad create a substantial incentive to flee. The Court therefore finds that the government has met its burden of demonstrating by a preponderance of the evidence that no condition or combination of conditions could reasonably assure Mr. Berroa's appearance when required. The Court makes this finding even without consideration of the presumption.

Further, given the nature of the crime with which Mr. Berroa is charged, the Court finds that the government has shown by clear and convincing evidence that no condition or combination of conditions could reasonably assure the community's safety. The evidence at this stage of the case demonstrates that Mr. Berroa possessed, in his bedroom in his apartment, substantial quantities of fentanyl, two firearms, and ammunition for one of the firearms. Considering the totality of the evidence before the Court including Mr. Berroa's absence of a

---

[1] Although the existing complaint, Doc. No. 1, does not include these charges, they are supported by evidence, and the government informed Mr. Berroa that he will likely face them. Accordingly, they are relevant to the Court's inquiry into the risk that Mr. Berroa will flee the existing charge.

3

criminal work and the evidence offered of legitimate income and work, the United States has met its burden of proof.

Accordingly, the Court OVERRULES Mr. Berroa's objections, Doc. No. 13, to Judge Dein's Order of Detention, Doc. No. 10. The Order of Detention is AFFIRMED.


SO ORDERED.


 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge