UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>LUIS BERROA )<br>)<br>Defendant. ) | Criminal No. 1:19-cr-10164-ADB |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL FINGERPRINT ANALYSIS AND/OR TESTING**

The United States hereby opposes the defendant Luis Berroa's motion to compel testing of certain materials found during the search of the defendant's residence. During the search, law enforcement agents found the defendant sleeping in his bedroom. In the bedroom, they found over 40 grams of fentanyl, two handguns with ammunition, and a drug press. Agents also found the defendant's U.S. passport, social security card, and U.S. naturalization certificate in the bedroom. The defendant's driver's license lists the searched premises as his residence and his vehicle is registered there. Despite the evidence of ownership and control of the searched premises, the defendant hopes that additional testing will reveal the fingerprints of other individuals who may have handled the items, which he argues would be exculpatory. The defendant's unsupported hope of finding exculpatory evidence is insufficient to meet the high burden of materiality he needs to prove for this Court to order the testing. Additionally, even fingerprint results showing other individuals' fingerprints on the seized items would not affect the government's evidence of the defendant's possession of the drugs and guns. Therefore, the defendant's motion should be denied.

## FACTS

On March 12, 2019, agents obtained a search warrant for 3 Newton Street, Apartment 2, Lawrence, Massachusetts (the "Premises"). The search warrant was based on an investigation of another individual (charged separately), who was distributing crack cocaine and cocaine to a DEA confidential source. When agents executed the search warrant on the Premises, they found Berroa asleep in one bedroom and another male asleep in a second bedroom in the apartment. In the drop ceiling of Berroa's bedroom, in a pink box, agents located approximately 40 grams of fentanyl, some packaged in a plastic bag, some packaged as a "finger." In that same box, agents found a "finger" press, which is a device used to press fentanyl into 10 gram packages for resale. In the closet of the same bedroom, along with clothing, agents located a duffle bag containing two firearms and ammunition. In the same closet, agents found a small plastic bag containing 30 grams of fentanyl and other prescription drugs in a shirt pocket. In the second bedroom, where the other male was located, agents found two drug ledgers and counterfeit currency.

Inside the dresser of Berroa's bedroom, agents found his U.S. passport and social security card. Agents also found his U.S. naturalization certificate in the bedroom. Agents found Berroa's medical records and a training certificate in the kitchen of the apartment. Berroa's license shows the Premises as his residence and his vehicle is registered there. Moreover, the defendant admits in his motion that the he was asleep in his bedroom of the apartment he rented from relatives "for several years." Defendant's Motion ¶ 7.

Agents sent the drugs to the DEA laboratory for testing. The lab confirmed the drugs were fentanyl. Agents also tested the two handguns and the finger press for fingerprints, but technicians did not find any latent prints suitable for further analysis. The government has provided these lab and fingerprint test results to the defendant pursuant to its discovery

obligations.  The government has not tested any of the other items found during the search for fingerprints.

## LEGAL STANDARD

Under Rule 16(a)(1)(F) of the Federal Rules of Criminal Procedure, the government must, upon the defendant's request, permit the defendant to inspect and copy or photograph the results or reports of any scientific test or experiment the government performs if the item is within the government's possession, custody, or control and it is material to preparing the defense or the government intends to use it in its case-in-chief at trial.[1]  While Rule 16(a)(1)(F) obliges the government to provide copies of any scientific test performed, there is no requirement that the government conduct further scientific testing of any items in its possession at the request of the defense.

Under Rule 16(a)(1)(E), the government must, upon the defendant's request, permit the defendant to inspect and copy or photograph documents and objects that are within the government's possession, custody, or control if:

    i)      the item is material to preparing the defense;
    ii)     the government intends to use the item in its case-in-chief at trial; or
    iii)    the item was obtained from or belongs to the defendant.[2]

Under Rule 16, the defendant "bears the burden of making a 'prima facie showing of materiality.'" *United States v. Tsarnaev*, No. 13-cr-10200-GAO, 2013 WL 6196279, at \*4 (D.

---

[1] Both Rule 16(a)(1)(E) and 16(a)(1)(F) pertain only to items "within the government's possession, custody, or control."  The government did not take custody of the ceiling tiles from the room where the fentanyl was found, nor has the government maintained control of the apartment in which these ceiling tiles are located over the seven months that have passed since the defendant's arrest.  These ceiling tiles, therefore, are not within the government's possession, custody, or control.

[2] Because the government does not intend to introduce any fingerprint evidence for the items mentioned in the defendant's motion in its case-in-chief, and because the defendant's main argument is that the items found in the search do *not* belong to him, the defendant's only remaining argument is that the requested fingerprint testing would provide evidence material to his defense under Rule 16(a)(1)(E)(i).  Defendant's Motion ¶¶ 14-16.

Mass. Nov. 27, 2013) (quoting *United States v. Bulger*, 928 F. Supp. 2d 305, 324 (D. Mass. 2013), aff'd, 816 F.3d 137 (1st Cir. 2016)).  "[T]he requested information must have more than an abstract relationship to the issue presented; there must be some indication that the requested discovery will have a *significant effect* on the defense."  *Bulger*, 928 F. Supp. 2d at 324 (emphasis added).  Materiality requires more than mere relevance; a showing of materiality requires "some indication that the pretrial disclosure of the disputed evidence would have enabled the defendant significantly to alter the quantum of proof in his favor."  *United States v. Zhen Zhou Wu*, 680 F. Supp. 2d 287, 291 (D. Mass. 2010) (quoting *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975)).  Additionally, "materiality depends on 'not only the logical relationship between the information and the issues in the case, but also the importance of the information in light of the evidence as a whole.'"  *Tsarnaev*, 2013 WL 6196279, at *4 (quoting *In re Terrorist Bombings of U.S. Embassies in East Africa*, 552 F.3d 93, 125 (2d Cir. 2008)).

## ARGUMENT

The defendant has failed to make a prima facie showing that additional testing of the items found in the search will be material to his defense under Rule 16(a)(1)(E)(i).  The defendant's motion conflates relevance with materiality, and the combined list of items sought for testing reveals that he "essentially seeks access to the government's information haystack because he is confident there are useful evidentiary needles to be found there."  *Tsarnaev*, 2013 WL 6196279, at *5.  Such a generalized request is "simply not enough to trigger a disclosure obligation under Rule 16(a)(1)(E)(i)."  *Id*.

The defendant has failed to explain how the presence or absence of his, or any other person's, fingerprints on the items could "significantly [] alter the quantum of proof in his favor," *Zhen Zhou Wu*, 680 F. Supp. 2d at 291, especially when considering the "importance of

4

the information in light of the evidence as a whole," *Tsarnaev*, 2013 WL 6196279, at *4.  Namely, the defendant ignores the government's evidence that he lived in the bedroom from which the drugs and guns were seized.  From the outset, law enforcement agents found the defendant sleeping in the bedroom when they executed their search.  Additionally, his driver's license lists the Premises as his residence and his vehicle is registered there.  He ignores the fact that his passport and social security card were found in the dresser of his bedroom and that his U.S. naturalization certificate was found in the bedroom.

In the face of this evidence, the defendant makes a desperate attempt to uncover potentially exculpatory evidence by asking this Court to order further testing.  However, even if this testing was ordered, and even if the testing revealed the presence of other individuals' fingerprints as the defendant hopes it will, this evidence would not alter or impeach the agent's observations during the search and the items seized from the Premises.  Because even the testing results most favorable to the defendant would not have any tendency to disprove the government's case, any additional fingerprint evidence is simply not material to Berroa's defense.  The existence or absence of his, or another person's, fingerprints on these other items will have no "significant effect" on his defense against the charge of possession of either the fentanyl or the firearms.  *Bulger*, 928 F. Supp. 2d at 324.  The defendant has failed to meet his burden to show materiality.

## CONCLUSION

Because the defendant has failed to make any showing that the additional testing would produce evidence material to his defense, his motion should be denied.

October 29, 2019

                                          Respectfully submitted,

                                          ANDREW E. LELLING
                                          United States Attorney

                                          By: */s/ Stephen W. Hassink*
                                          STEPHEN W. HASSINK
                                          Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I, Stephen W. Hassink, Assistant U.S. Attorney, do hereby certify that on October 29, 2019, I served a copy of the foregoing on all registered parties by electronic filing on ECF.

                                          */s/ Stephen W. Hassink*
                                          Stephen W. Hassink
                                          Assistant U.S. Attorney