UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 19-10164-ADB |
| | ) | |
| LUIS BERROA, | ) | |
| | ) | |
| Defendant | ) | |

GOVERNMENT'S MOTION IN LIMINE CONCERNING THE ADMISSIBILITY
OF LAW ENFORCEMENT LAY OPINION TESTIMONY

The United States of America, by its attorneys, Acting United States Attorney Nathaniel R. Mendell and Assistant U.S. Attorneys Katherine Ferguson and Stephen W. Hassink, respectfully moves this Court to permit experienced law enforcement witnesses to offer lay opinion testimony regarding the drug trade. The government anticipates that it will introduce opinion testimony from various law enforcement officers concerning their observations of items seized from defendant Luis Berroa's apartment and the opinions that they drew from those observations. The government anticipates that this testimony may cover the following topics, among others:

- Execution of a search warrant on March 13, 2019, at 3 Newton Street, Apartment 2, Lawrence, Massachusetts, during which law enforcement officers seized over 40 grams of fentanyl, Xanax, drug processing equipment, firearms, and ammunition from the bedroom of defendant Berroa, and counterfeit currency, cutting agent, and drug ledgers from the second bedroom of the apartment.

- Opinion testimony that the drugs retrieved—based upon their packaging and quantity, and the forms and types of the drugs—are consistent with drug distribution, and that certain additional seized items (such as a finger press, a digital scale, cutting material, and ledgers) are consistent with drug distribution.

- Interpretation of slang or coded language in text messages recovered from defendant Berroa's cellular telephone.

- Typical markings on different types of pharmaceutical and counterfeit pills.

- Drug distributors' use of weapons to protect drugs and drug proceeds.

Federal Rule of Evidence 701 provides that lay witnesses may testify as to opinions that are "(a) rationally based on the witness's perception; (b) helpful to clearly understanding of the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." The Rule is designed to allow a witness to testify "based on the lay expertise [he] personally acquires through experience, often on the job." *United States v. Maher*, 454 F.3d 13, 24 (1st Cir. 2006) (upholding lay opinion testimony about drug records recovered during an investigation); *United States v. Ayala-Pizarro*, 407 F.3d 25, 28 (1st Cir. 2005) (holding that lay testimony about the operation of drug points and the packaging of heroin was properly admitted pursuant to Rule 701). "[T]he touchstone for the admissibility under Rule 701 of such lay[]opinion testimony is whether the testimony has the 'potential to help the jury.'" *United States v. Spencer,* 873 F.3d 1, 14 (1st Cir. 2017) (quoting *United States v. Albertelli,* 687 F.3d 439, 447 (1st Cir. 2012)).

Courts regularly permit law enforcement testimony about matters within their extensive experience as lay witness testimony under Rule 701. Such testimony often concerns the modus operandi of drug distributors. *See, e.g.*, *United States v. Moon,* 802 F.3d 135, 147–48 (1st Cir. 2015) (permitting officer's testimony that drugs appeared to be heroin and crack cocaine and that drug dealers often possess firearms was properly admitted under Rule 701); *Spencer,* 873 F.3d at 13–14 (permitting officers' testimony that defendants' patterns of conduct and speech were, on the basis of their experience, believed to be typical of those working together as a team in selling drugs); *United States v. Valdivia*, 680 F.3d 33, 50–51 (1st Cir. 2012) (permitting officer's testimony that drug traffickers frequently put their phones in fictitious names).

"A police officer noticing patterns of behavior across criminal operations uses straightforward logic to conclude a defendant's behavior fits within that pattern and thus, does not

2

need to be qualified as an expert." *United States v. Vega,* 813 F.3d 386, 394 (1st Cir. 2016). Testimony by a law enforcement agent about the drug quantity signifying distribution as opposed to personal use, the tools of the drug trade, and transportation of drugs all is admissible as lay testimony. *See Maher,* 454 F.3d at 24 (holding that an officer's testimony that, based on his experience, certain post-it notes were likely drug orders and the number "4" likely referred to a quantity of drug found by law enforcement "did not cross the line to become expert testimony"); *Ayala–Pizarro,* 407 F.3d at 29 (holding that an officer's testimony that heroin seized at drug points was typically packed in aluminum decks and that the heroin seized in the case was packaged in such decks was Rule 701 testimony). Agent testimony under Rule 701 also is admissible to explain coded language used by drug traffickers. *See, e.g.*, *United States v. Rosado-Perez*, 605 F.3d 48, 55 (1st Cir. 2010) ("[W]e have long held that government witnesses with experience in drug investigations may explain the drug trade and translate coded language for juries, either through lay or, if qualified, expert testimony."); *see also, e.g.*, *United States v. Belanger,* 890 F.3d 13, 27–29 (1st Cir. 2018) (allowing testimony by a Special Agent in the Drug Enforcement Agency to help the jury understand drug slang in recorded phone calls); *United States v. Dunston,* 851 F.3d 91, 97 (1st Cir. 2017) (finding that the admission of a law enforcement officer's testimony "was comfortably within the ambit of the district court's discretion" because the officer was "knowledgeable about the idiom of the drug trade and, in particular, the vernacular of this group of miscreants.").

Here, the anticipated law enforcement testimony regarding the modus operandi of drug dealers will assist the triers of fact with determining facts at issue in the case. A typical juror is unlikely to be familiar with the practices of drug traffickers, including equipment used to process drugs for distribution, typical distribution quantities, common drug storage modalities, use of

weapons, record-keeping, and vernacular. The law enforcement officers the government anticipates calling as witnesses at trial have extensive experience investigating drug organizations, including experience reviewing intercepted wire and electronic communications and experience interviewing cooperating defendants and potentially cooperating defendants. They have developed a working knowledge of the manner in which drug distributors commonly operate, tools commonly used in the drug trade, including weapons, and common coded language and terms used by drug traffickers to attempt to disguise their communications. The proposed law enforcement testimony is necessary to provide the jury with a thorough understanding of the significance of the items seized during the investigation and how they relate to the practices of a drug trafficker. It also is "rationally based on [agents'] perception of the evidence" and based on lay expertise gained on the job. As such, it is admissible lay opinion testimony.

WHEREFORE, the government respectfully requests that its motion for leave to introduce lay opinion testimony regarding the regular practices of drug traffickers, common tools of the trade, and the meaning of coded communications on defendant Berroa's telephone be allowed.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

Dated:  April 9, 2021          By:   */s/ Katherine Ferguson*
                                     Katherine Ferguson
                                     Stephen W. Hassink
                                     Assistant United States Attorneys

CERTIFICATE OF SERVICE

  I certify that, on April 9, 2021, I caused a copy of the foregoing document to be served via the ECF system on all counsel of record.

Dated: April 9, 2021     By:  */s/ Katherine Ferguson*
               Katherine Ferguson
               Assistant United States Attorney